1
2
3                    UNITED STATES DISTRICT COURT
4                 NORTHERN DISTRICT OF CALIFORNIA
5                          OAKLAND DIVISION
6
7    MICHAEL HOLLINS,
8              Plaintiff,                    No. C 14-0970 PJH (PR)
9    vs.                                     **ORDER OF DISMISSAL WITH
                                             LEAVE TO AMEND**
10   GREG MUNKS,
11              Defendant.
                                     /
12         Plaintiff, a pretrial detainee incarcerated at Maguire Correctional Facility has filed a
13   pro se civil rights complaint under 42 U.S.C. § 1983.[1]  He has been granted leave to
14   proceed in forma pauperis.
15                                   **DISCUSSION**
16   **A.    Standard of Review**
17         Federal courts must engage in a preliminary screening of cases in which prisoners
18   seek redress from a governmental entity or officer or employee of a governmental entity.
19   28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and
20   dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may
21   be granted, or seek monetary relief from a defendant who is immune from such relief.  *Id.* at
22   1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  *Balistreri v. Pacifica Police
23   Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
24         Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of
25   the claim showing that the pleader is entitled to relief."  "Specific facts are not necessary;
26   the statement need only '"give the defendant fair notice of what the . . . . claim is and the
27
28   _____
            [1]  Plaintiff has filed 15 cases in the last few months, several with overlapping claims.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1  grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations

2  omitted).  Although in order to state a claim a complaint "does not need detailed factual

3  allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

4  requires more than labels and conclusions, and a formulaic recitation of the elements of a

5  cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief

6  above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)

7  (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is

8  plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained

9  the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the

10  framework of a complaint, they must be supported by factual allegations.  When there are

11  well-pleaded factual allegations, a court should assume their veracity and then determine

12  whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662,

13  679 (2009).

14      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential

15  elements:  (1) that a right secured by the Constitution or laws of the United States was

16  violated, and (2) that the alleged deprivation was committed by a person acting under the

17  color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

18  **B.     Legal Claims**

19      Plaintiff alleges that he has been denied adequate mental health care.

20      Deliberate indifference to serious medical needs violates the Eighth Amendment's

21  proscription against cruel and unusual punishment.[2] *Estelle v. Gamble*, 429 U.S. 97, 104

22  (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other*

23  _____

24      [2]  Even though pretrial detainees' claims arise under the Due Process Clause, the
Eighth Amendment serves as a benchmark for evaluating those claims. *See Carnell v. Grimm*,

25  74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of
care for pretrial detainees).  The Ninth Circuit has determined that the appropriate standard

26  for evaluating constitutional claims brought by pretrial detainees is the same one used to
evaluate convicted prisoners' claims under the Eighth Amendment.  "The requirement of

27  conduct that amounts to 'deliberate indifference' provides an appropriate balance of the pretrial
detainees' right to not be punished with the deference given to prison officials to manage the

28  prisons." *Redman v. County of San Diego*, 942 F.2d 1435, 1443 (9th Cir. 1991) (en banc)
(citation omitted).

United States District Court

For the Northern District of California

1  *grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

2  A determination of "deliberate indifference" involves an examination of two elements: the

3  seriousness of the prisoner's medical need and the nature of the defendant's response to

4  that need. *Id.* at 1059.

5       A "serious" medical need exists if the failure to treat a prisoner's condition could

6  result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* The

7  existence of an injury that a reasonable doctor or patient would find important and worthy of

8  comment or treatment; the presence of a medical condition that significantly affects an

9  individual's daily activities; or the existence of chronic and substantial pain are examples of

10  indications that a prisoner has a "serious" need for medical treatment. *Id.* at 1059-60.

11       A prison official is deliberately indifferent if he or she knows that a prisoner faces a

12  substantial risk of serious harm and disregards that risk by failing to take reasonable steps

13  to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  The prison official must not only

14  "be aware of facts from which the inference could be drawn that a substantial risk of serious

15  harm exists," but he "must also draw the inference." *Id.* If a prison official should have

16  been aware of the risk, but was not, then the official has not violated the Eighth

17  Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175,

18  1188 (9th Cir. 2002).  "A difference of opinion between a prisoner-patient and prison

19  medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v.*

20  *Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

21       Plaintiff states that his criminal proceeding was suspended and he was committed to

22  a state hospital.  However, for eight months prior to being transferred to Napa State

23  Hospital, plaintiff states he did not receive mental health care at the county jail.  Plaintiff

24  fails to describe his mental health needs, what treatment was denied and how it was

25  deliberately indifferent to his mental health needs.  Simply stating he was denied treatment

26  without additional facts is insufficient state a claim under *Iqbal*.  "A claim has facial

27  plausibility when the plaintiff pleads factual content that allows the court to draw the

28  reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556

United States District Court

For the Northern District of California

1    U.S. at 678.  Plaintiff must also identify the specific defendants who denied him treatment.

2    The complaint will be dismissed with leave to amend.

3                                         **CONCLUSION**

4         1.  The complaint is **DISMISSED** with leave to amend in accordance with the

5    standards set forth above.  The amended complaint must be filed no later than **May 14,**

6    **2014**, and must include the caption and civil case number used in this order and the words

7    AMENDED COMPLAINT on the first page.  Because an amended complaint completely

8    replaces the original complaint, plaintiff must include in it all the claims he wishes to

9    present.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).  He may not

10   incorporate material from the original complaint by reference.

11        2.  It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the

12   court informed of any change of address by filing a separate paper with the clerk headed

13   "Notice of Change of Address," and must comply with the court's orders in a timely fashion.

14   Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to

15   Federal Rule of Civil Procedure 41(b).

16        **IT IS SO ORDERED.**

17   Dated: April 11, 2014.                    _____

18                                                      PHYLLIS J. HAMILTON
                                                     United States District Judge

19   G:\PRO-SE\PJH\CR.14\Hollins0970.dwlta.wpd

20

21

22

23

24

25

26

27

28

                                              4